UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRYSTAL WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING, LLC,,<br><br>Defendant. | Case No. 18-cv-05221-BLF<br><br>**ORDER MEMORIALIZING ORAL RULING GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND APPROVING PARTIES' STIPULATION EXTENDING DEFENDANT'S TIME TO RESPOND TO SECOND AMENDED COMPLAINT**<br><br>[Re: ECF 23, 46] |

Plaintiff Krystal Wallace filed this putative consumer class action on August 24, 2018, asserting warranty, unfair competition, and related claims arising from an alleged defect in the "Ninja Blenders" manufactured by Defendant SharkNinja Operating LLC. Compl., ECF 1. Pursuant to a stipulation which was approved by the Court, Plaintiff filed a first amended complaint ("FAC") on October 3, 2018. Order Re Stipulation, ECF 18; FAC, ECF 20.

In the FAC, Plaintiff alleged that "the Stacked Blade Assembly fails to lock in place inside the Ninja Blender pitchers and, consequently, dislodges during use and cleaning, exposing consumers to unexpected and sudden direct contact with the sharp blades, resulting in safety hazards, such as lacerations (the "Stacked Blade Assembly Defect")." FAC ¶ 2, ECF 20. Based primarily upon this alleged Stacked Blade Assembly Defect, Plaintiff alleged claims on behalf of a Nationwide Class and California sub-classes for: (1) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (2) violation of California's Unfair Competition

Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) breach of implied warranty under the Song-Beverly Consumer Warranty Act, ; (4) breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 *et seq.*; and (5) unjust enrichment. FAC, ECF 20.

On April 25, 2019, the Court heard Defendant's motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss, ECF 23. The Court stated its ruling on the record, granting the motion to dismiss with leave to amend and providing direction as to those areas of the pleading which needed amendment. At the outset, the Court observed that the FAC defined the classes to exclude anyone who had suffered personal injuries caused by the blender, but also alleged that Plaintiff Wallace had been cut by the blender blade. *See* FAC ¶¶ 14, 41, ECF 20. The Court directed Plaintiff to address that discrepancy on amendment, and to provide more specificity with respect to the description of the product and its alleged defect.

The Court also indicated that with respect to Plaintiff's claims based on a theory of omission, more specificity was required as to Defendant's knowledge of the defect. The Court observed that Plaintiff had clarified in her opposition that she was not pursuing a claim for affirmative misrepresentation. *See* Opp. at 8 n.1 ("Plaintiff does not allege an affirmative misrepresentation claim."), ECF 28. With respect to Plaintiff's claims for equitable relief, the Court stated that Plaintiff had not alleged an absence of adequate remedy at law. Finally, the Court deferred consideration of issues related to Plaintiff's assertion of a Nationwide Class, stating that those issues better could be addressed once Plaintiff's claims and class definition were clarified.

On June 7, 2019, Plaintiff filed a second amended complaint ("SAC"), asserting the same five claims set forth in the FAC. Although the Court has not evaluated the sufficiency of the SAC, based on an initial review it appears that Plaintiff has amended her pleading in response to the issues articulated by the Court at the hearing.

On June 10, 2019, the parties filed a stipulation to extend Defendant's time to respond to the SAC until July 12, 2019. Stipulation, ECF 46. That stipulation is approved.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant's motion to dismiss the FAC is GRANTED WITH LEAVE TO AMEND, as stated on the record and memorialized herein;

(2) the SAC filed on June 7, 2019 is now the operative pleading; and

(3) Defendant's time to respond to the SAC is extended to and including July 12, 2019.

Dated: June 10, 2019

BETH LABSON FREEMAN
United States District Judge